IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| LILLA HEYDEN, | : | Case No. 15-22435-TPA |
| *Debtor* | : | |
| | : | Chapter 13 |
| WELLS FARGO BANK, N.A., | : | |
| *Movant* | : | Related to Doc. No. 63 |
| | : | |
| v. | : | |
| | : | |
| LILLA HEYDEN, | : | |
| *Respondent* | : | |

*Appearances:*  Michael Geisler, Esq. for the Debtor/Respondent
Jill Manuel-Coughlin, Esq. for Movant, Wells Fargo Bank, N.A.

**MEMORANDUM OPINION**

Presently before the Court for consideration is a **Motion to Allow Late Proof of Claim** ("Motion") filed by secured creditor Wells Fargo Bank, N.A. ("WF") at Doc. No. 63. The Motion has been briefed and argued. The Court has the jurisdiction to hear and decide this core matter. *See*, *28 U.S.C. §§157(b)(2)(B)* and *1334*. For the reasons explained below, the *Motion* will be denied.

*PROCEDURAL HISTORY*

This is a Chapter 13 case that was filed on July 5, 2015. On July 30, 2015, the Debtor completed her petition and filed a plan. WF was shown in the petition as having a secured claim in the amount of $115,000 and in the plan it was listed under Level 3 as a long-term debt to be cured

1

and reinstated.[1]   The plan also noted that the Debtor was seeking to enter the Court's loss mitigation program ("LMP").  On July 31, 2015, a notice was issued scheduling the 341 meeting of creditors and setting December 7, 2015 as the deadline for filing proofs of claim.

On September 5, 2015, the Debtor filed an LMP motion for loss mitigation with WF. On September 23, 2015, an order was entered granting the LMP motion, without objection from WF. On January 1, 2016, following a motion filed by the Debtor, the LMP period was extended through February 3, 2016.  On January 27, 2016, WF filed a motion to terminate the LMP, alleging that the Debtor had failed to provide requested information.  That motion was scheduled for hearing on March 2, 2016.  On February 3, 2016, the Debtor filed another motion to extend the LMP period and that was also set for hearing on March 2nd.  At the Debtor's subsequent request that hearing was continued to March 9th and at that time the Parties reported that the Debtor had supplied the required documents.  An order was issued the next day denying the WF motion to terminate the LMP as moot and granting the Debtor's motion to extend the LMP period.

At the March 9, 2016 hearing, Debtor's attorney also commented that he could not calculate the arrears owed to WF because no proof of claim had ever been filed.  That apparently was the trigger for a response from WF because a few days later on March 17, 2016 it filed a proof of claim in the total amount of $213,588.48, showing arrears of $123,361.14, and stating that the claim was fully secured by a mortgage on the Debtor's residence.  WF also filed the *Motion* that same date, acknowledging that the proof of claim was filed late, but asking that the late filing be

---

[1]   *Fed.R.Bankr.P. 3004* recognizes that a debtor may file a proof of claim on behalf of a creditor.  The inclusion of the WF debt in the Debtor's plan, however, does not constitute a filing of a proof of claim.  *See, e.g., In re Grubb*, 169 B.R. 341, 348 (Bankr. W.D. Pa. 1994).

2

excused because the Debtor's plan included the WF claim and there would be no prejudice if the claim were to be allowed. The *Motion* was scheduled for hearing on May 11, 2016.

On April 4, 2016, the Debtor filed a Response to the *Motion* objecting to it and stating that she would be severely prejudiced if the claim were allowed, and that WF had not made out a case for excusable neglect.

On May 9, 2016, the Debtor filed another motion to extend the LMP period, this one stating that WF had denied a modification, that the Debtor had appealed the denial but the appeal was denied as well without explanation, and that the Debtor wanted more time so WF could explain the reason for the denial. A hearing on the *Motion* was held as scheduled on May 11, 2016, and the Parties indicated they were trying to work something out. The hearing was continued to coincide with the hearing on the latest motion to extend the LMP period.

On May 27, 2016, an interim order was entered confirming the plan as modified. On June 8, 2016, another hearing was held on the *Motion* and the latest motion to extend the LMP and it was continued to July 27, 2016, with the LMP period extended through the interim. At the July 27, 2016, hearing an order was issued further extending the LMP period for 60 days and providing that the *Motion* would track the LMP outcome. On September 26, 2016, the Debtor filed another motion to extend the LMP. A further hearing was held on October 11, 2016, and the LMP was extended for another 30 days. On November 14 yet another motion to extend was filed by the Debtor and the Court scheduled a status conference for December 7, 2016. At the status conference the Parties reported about what was going on with the LMP and, once again, the Court extended the LMP for another 30 days. On December 21, 2016, a contested plan hearing was held and Debtor's

3

attorney reported that the LMP was still ongoing. The Court indicated that the plan confirmation would track the LMP.

On January 11, 2017, the Debtor filed her 6th motion to extend the LMP. WF filed a response on January 20, 2017, arguing that loss mitigation had been denied and there was no point in granting a further extension. A hearing was held on February 8, 2017, and at that time the Court denied the most recent motion to extend the LMP, terminating the LMP process. A hearing on the *Motion* was set for March 1, 2017. On February 26, 2017, WF filed a "Supplemental Response" in support of the *Motion*, as well as an objection to plan confirmation. In the Supplemental Response WF argued that late filing of the claim should be allowed based on the "excusable neglect" standard under *Fed.R.Bankr.P. 9006(b)(1)*, and that in the alternative, if a late filing is not allowed the Court should enter an order,

> "making it clear to Debtor and her counsel that WF shall be permitted to exercise its state court rights to foreclose on its mortgage lien, at the latest time being once a discharge order has been entered if relief from the automatic stay is not granted sooner."

*Supplemental Response*, Doc. No. 130 at ¶14.

At the March 1, 2017, hearing the Parties stated their positions and the Court ordered briefing. Briefs were filed on May 31, 2017, and oral argument on the *Motion* was heard. WF alleges as "cause" for the relief it requests that it "inadvertently missed the December 7, 2015, bar date due to a systems glitch as the result of the conversion of its loan to another platform base." *WF Supplemental Response*, Doc. No. 130 at ¶13.

*DISCUSSION*

The deadline for filing proofs of claim in a Chapter 13 case is 90 days after the first date set for the meeting of creditors. See, *Fed.R.Bankr.P. 3002(c)*. On the issue of whether the WF proof of claim should be permitted even though it was untimely filed,[2] the Parties both address *Rule 9006(b)(1)*, which provides as follows in relevant part:

> (b) **Enlargement**
>
> (1) **In general**. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

*Fed. R. Bankr. P. 9006(b)(1)*. The Parties devote their arguments as to whether the "systems glitch" cited by WF as its excuse for the late filing constitutes "excusable neglect" and whether the Debtor would be prejudiced by the late filing. Neither of the Parties, however, address *Rule 9006(b)(3)*, which is key here and which precludes the relief that WF is seeking. That *Rule* provides, in relevant part:

---

[2] There is some case law to the effect that there is no deadline for a <u>secured</u> claim to be filed. *See, e.g., In re Mehl,* 2005 WL 2806676 (Bankr. C.D. Ill. 2005) (disagreed with by *In re Pajian,* 785 F.3d 1161 (7th Cir. 2015). However, that is a decidedly minority position, with most cases finding that secured claims are subject to the *Rule 3002(c)* 90-day deadline, or some other deadline. For instance, in *Pajian* the court indicated that secured claims would be allowed as long as they are filed before a plan is confirmed. Furthermore, WF has acknowledged in the *Motion* (see full title of *Motion* and ¶2) and in its brief (referring to the proof of claim as "untimely" and "tardy") that the claim was filed late, so it has waived any argument that the minority "no deadline" view, or even the *Pajian* view, should be adopted and consequently they will not be discussed further.

> (3) **Enlargement governed by other rules**.  The court may enlarge the time for taking action under Rules ... 3002(c) ... only to the extent and under the conditions stated in those rules...

*Fed. R. Bankr. P. 9006(b)(3)*.

Thus, under *Rule 9006(b)(3)*, bankruptcy courts are not permitted to authorize an untimely claim filing in Chapter 7 or 13 on the basis of the excusable neglect standard of *Rule 9006(b)(1)*.³  That is what the Official Advisory Committee Notes to the *Rule* state, and there are numerous cases so holding.  *See, e.g., In re Townsville*, 268 B.R. 95, 105 (Bankr. E.D. Pa. 2001), *In re Gardenhire*, 209 F.3d 1145, 1152 (9th Cir. 2000), *In re Egan*, 526 B.R. 111 (Bankr. S.D.N.Y. 2015), *In re Voccola*, 234 B.R. 239 (Bankr. D. R.I. 1999).  *See also*, Lundin, *Chapter 13 Bankruptcy*, 4th Ed. at §282.1, footnote 15 (citing cases).  Many of those same cases also go on to say that a bankruptcy court lacks the power to enlarge the time for filing claims in Chapter 13 cases on any equitable basis.

The only way the Court could enlarge the time in this case would therefore be if one of the six (6) exceptions in *Rule 3002(c)* itself applies.  WF has not argued that any of those exceptions apply here and the Court's own review of them does not reveal any that would seem to apply.  Based on this, the *Motion* must be denied as seeking relief that is beyond the Court's authority to grant.

---

³ The cases of *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993) and *O'Brien Environmental Energy, Inc.*, 188 F.3d 116 (3rd Cir. 1999) which the Parties cite and discuss in their briefs on the excusable neglect standard are inapplicable here because they were Chapter 11 cases.  The deadline for filing claims in Chapter 11 is governed by *Rule 3003*, not by *Rule 3002(c)*, so *Rule 9006(b)(3)* did not come into play.

The consequence of denying the *Motion* and disallowing the late-filed proof of claim is that WF will not have a right to receive distributions under the Debtor's plan because it does not have an allowed claim, which is a prerequisite to receive distributions, at least when the debtor objects to a claim's timeliness, which the Debtor here has done.  *See, Collier on Bankruptcy*, 15th Ed. Rev., ¶3002.03 ("The time for filing claims fixed by Rule 3002(c) works like a statute of limitations in that a claim filed thereafter will not ... entitle its holder to receive distributions from the estate"); *11 U.S.C. §502(b)(9)* (disallowance of untimely filed claims); *Fed.R.Bankr.P. 3021* ("after a plan is confirmed, distribution shall be made to creditors whose clams have been allowed...."); *In re Thompson*, 2017 WL 1207480 *4 (Bankr. E.D. OK, March 31, 2017) ("... all creditors, unsecured and secured, who wish to receive distributions under a chapter 13 plan must file a timely proof of claim in accordance with Fed.R.Bankr.P. 3002(c).").

WF has asked that, if the *Motion* is denied, as an alternative form of relief the Court "make clear" to the Debtor that, despite not having filed a timely proof of claim, WF will be able to exercise its right to foreclose on the mortgage if it is granted relief from stay or once a discharge order is entered.  WF is likely correct in that assertion since normally a lien passes through the bankruptcy unaffected and can be enforced after the case is over.  However, the Court is unable and unwilling to make any definitive ruling at this time as to exactly what the future may hold vis-a-vis the WF mortgage lien.  Such relief would be in the nature of an advisory opinion based on a hypothetical set of facts which may or may not come to pass (completion of the case or grant of relief from stay), something which federal courts lack the jurisdiction to provide.  *See, e.g., In re Olson*, 557 B.R. 851, 855 (Bankr. W.D. Pa. 2016).  The farthest the Court can go in this regard is

to state that its ruling on the *Motion* is not intended to constitute any sort of determination as to the status of the WF mortgage lien once this proceeding is finally resolved.

An appropriate order follows.

Dated: August 1, 2017

Thomas P. Agresti, Judge
United States Bankruptcy Court

Case Administrator to serve:
  Michael Geisler, Esq.
  Jill Manuel-Coughlin, Esq.
  Ronda Winnecour, Esq.
  Debtor